Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John J. Tharp Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 8339 | **DATE** | 10/30/2012 |
| **CASE TITLE** | Gardner vs. State of Illinois | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to proceed in forma pauperis [6] is denied. Further, for the reasons stated in more detail in the Statement section of this order, Plaintiff's complaint is dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim. Case terminated.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

    Plaintiff Michael Gardner filed a motion for leave to proceed in forma pauperis in this action. Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court is required to examine Gardner's complaint to determine whether it is frivolous or fails to state a claim upon which relief may be granted. Finding that Gardner fails to state a valid claim, the Court dismisses Gardner's complaint with prejudice.

    Gardner filed a complaint alleging that the State of Illinois violated his rights by proceeding in a state criminal action against him, allegedly without proper jurisdiction. Though the complaint does not set forth facts explaining what crime he was charged with in state court, an internet search for Circuit Court of Cook County case number TJ 523320 (referenced in the complaint) reveals that Gardner was convicted of driving under the influence of alcohol in violation of 625 ILCS 5/11-501(a)(2), and was sentenced to community service and ordered to pay a $500 fine. Gardner appealed his conviction in the Appellate Court of Illinois, but his conviction was affirmed. *Illinois v. Gardner*, 2012 IL App (1st) 101268-U. The state appellate court opinion does not state whether Gardner challenged the State's jurisdiction either in the trial court or on appeal.

    In this action, Gardner apparently (the complaint, which sets forth virtually no facts but consists almost entirely of invocations of a wide panoply of constitutional rights, is almost indecipherable) seeks to argue that the State had no jurisdiction to prosecute him for driving under the influence of alcohol because he is an "Ambassador at large within the organic Illinois Republic." He seeks money damages for the State's alleged violation. Cmplt. at 4-5. In other words, Gardner's complaint constitutes a collateral attack on a state criminal conviction through a federal civil lawsuit for damages. As such, Gardner fails to state a claim upon which relief may be granted. *Heck v. Humphrey*, 512 U.S. 477, 484 (1994); *McCann v. Neilsen*, 466 F.3d 619, 621

(7th Cir. 2006). Any collateral attack on his state conviction in federal court would have to be pursued by means of a petition for habeas corpus, 28 U.S.C. § 2254, but Gardner has not plead any of the habeas requirements including that he is "in custody," nor is his complaint styled as a habeas petition. *Bunn v. Conley*, 309 F.3d 1002, 1007 (7th Cir. 2002) (habeas corpus is the proper remedy to challenge conviction and level of custody). Gardner's claim is clearly a civil suit for damages, and the Court may not convert a civil suit into a petition for habeas corpus. *Id.*; *Richmond v. Scibana*, 387 F.3d 602, 606 (7th Cir. 2004).

      Gardner should have raised his jurisdictional concerns as a defense in his state court criminal action. He cannot now raise them in a collateral federal action for money damages. Therefore, Gardner's complaint is dismissed. The dismissal is with prejudice because the apparent factual basis of the claim—that the state of Illinois lacks jurisdiction to prosecute him for driving under the influence of alcohol within the state—is frivolous.

| | Courtroom Deputy Initials: | AIR |
|---|---|---|